Filed 8/6/14  P. v. Rich CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C074247 |
| v. | (Super. Ct. No. CM037596) |
| SHANE ALEXANDER RICH, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Shane Alexander Rich asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Joseph Cesario, Michael Martin, Ryan Lorenc, Matthew Sarro and Michael Riehl were roommates in October 2012. At one point on October 26, Cesario, Martin, Sarro and Riehl were out of the house and Lorenc remained in the home taking a shower.

While walking home, Max Nelson saw two men carrying property, including a flat screen television, out of the roommates' house. One man was about six feet tall, wore a sweatshirt, and had a black backpack. Nelson thought the situation looked suspicious so he confronted the man carrying the television set. The man dropped the television and both men ran off. Nelson went to a neighbor's home and arranged to contact the roommates. Upon their return, the roommates examined their home and determined that Martin's laptop computer was missing.

Meanwhile, State Park Peace Officer Jason Smith observed defendant and James Beegle, Jr., on a nearby street. Based on their behavior, Smith believed they were intoxicated. Smith saw the men enter a nearby martial arts studio; he believed they did so to avoid him. Smith stopped defendant and Beegle when they left the studio.

While defendant was giving his identification to Smith, three of the the roommates (who had been driving around the area looking for people matching the description provided by Nelson) saw defendant and Beegle and thought they matched the description given by Nelson. Riehl pointed at defendant and told Smith, "He just robbed us." Smith searched defendant's backpack and discovered a laptop computer which Martin identified as his. After defendant's arrest, Nelson arrived at the scene and identified defendant as one of the men he had seen leaving the roommates' house and running from the scene.

A jury found defendant guilty of first degree burglary of an inhabited dwelling (Pen. Code, § 459)[1] and found true an enhancement allegation that another person, not an

---

[1] Undesignated statutory references are to the Penal Code.

accomplice, was present in the residence during the commission of the offense (§ 667.5, subd. (c)).

The trial court found defendant eligible for probation based on the unusual circumstances of his youth and his insignificant prior criminal history. (§ 462, subd. (a).) The trial court suspended imposition of sentence and placed defendant on three years of formal probation, with various terms and conditions including 90 days in county jail and orders for payment of victim restitution, various statutory fines and fees, and attorney's fees.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                                  MAURO            , J.

We concur:

             BUTZ            , Acting P. J.

             DUARTE          , J.